THE PEOPLE v. MELENDEZ.

APPEAL from the District Court of Arecibo.

No. 84.—Decided December 16, 1905.

CRIMES AGAINST THE ELECTION LAW.—Every person who wilfully and maliciously fails to comply with the provisions of the law in regard to elections, or who by illegal methods maliciously prevents a number of electors to exercise the right of sufferage, is guilty of the crime defined and punished in section 161 of the Penal Code.

INFORMATION—POWERS OF ATTORNEY GENERAL.—The Attorney General of Porto Rico has the power to appoint special *fiscals* to prosecute certain cases in the district courts.

INFORMATION—POWERS OF SECRETARY OF SUPREME COURT.—The secretary of the Supreme Court is empowered to administer oaths, and an information sworn to before him by a *fiscal* and subsequently filed in a district court is not for this reason fatally defective.

The facts are stated in the opinion.

*Mr. Rossy, fiscal,* for respondant.

The appellant did not appear.

MR. JUSTICE FIGUERAS delivered the opinion of the court.

The following information was filed in the Arecibo court:

"In the name and by the authority of The People of Porto Rico, United States of America, ss: The President of the United States. *The People of Porto Rico* v. *Andres Meléndez*. In the District Court of Arecibo, April 10, 1905. Andres Meléndez, former judge of elections of electoral Precinct No. 52 of the electoral district of San Juan, situated in the municipal district of Manati, is accused by information filed by the *fiscal* of a felony committed in violation of section 161 of the Penal Code, committed as follows: On or about November 8, 1904, at the general election held in Porto Rico in that year, Andres Meléndez, then judge of elections in said Precinct No. 52, unnecessarily, illegally and fraudulently delayed the voting, such delay having consisted in having taken more than one hour to begin the voting; in having permitted voters to remain in the booths to prepare their ballots for more than ten minutes; in having devoted too much time to lunch; and in having put unnecessary questions to the voters for the purpose of delaying the voting, such questions being: Have you the right to vote? Were you registered at the last election? Are you a resident of the municipality? Are you an elector of this precinct? and many others, causing about 100 qualified voters to be left without voting as a consequence of this delay. This act is contrary to the law in such case made and provided and against the peace and dignity of The People of Porto Rico.—E. B. Wilcox, special *fiscal*.

"The above information is based upon the sworn testimony of witnesses, and I solemnly believe that there is just cause for the filing of this information.—E. B. Wilcox, special *fiscal*.

"Sworn to and signed before me this 6th day of April, 1905.— A. F. Castro, clerk of the Supreme Court."

Trial was held, and in view of the verdict of guilty returned, the judge of the Arecibo court rendered judgment on May 18th of the current year, sentencing the defendant, Andres Meléndez, for a crime against the elective franchise,* to imprisonment in the departmental penitentiary of the Island for six months, at hard labor, and to pay the costs.

The defendant took an appeal from this judgment to this Supreme Court.

No bill of exceptions or statement of facts or brief has

---

*See Title XI, Political Code.

been presented in this court. The *fiscal* moved for the dismissal of the appeal.

At the hearing Attorney Manuel F. Rossy appeared and alleged on behalf of the defendant:

First. That the law does not fix an hour for the voting to begin, nor does it limit the time the voter may remain in the booth.

Second. That Hon. E. B. Wilcox could not be appointed special *fiscal,* and did not have the right to sign the information, because this power is vested exclusively in the *fiscal* of the district.

Third. That the information should have been sworn to before the secretary of the district court, and not before the secretary of the Supreme Court, as has been done in this case.

Sections 21 and 31 (250-260) of the "Act to provide for elections in Porto Rico," decide the first point alleged.

The law provides that the polls shall open at 8 a. m., and that the voting shall then begin, and that they close at 4 p. m.; it further provides that no voter shall remain in the booth for more than five minutes.

If there was an intentional failure to comply with these provisions, and time was intentionally lost in other details which were unnecessary and not required by the law, as alleged in the information, in order to prevent about 100 voters from voting, then it must be agreed that the law relating to elections was violated and the crime defined in section 161 of the Penal Code was committed.

The second point of the allegation of the appellant has already been discussed and settled in the case of *The People of Porto Rico* v. *Arturo Aponte et al.,* and in that of *The People of Porto Rico* v. *Antonio Rivera and Guillermo Leon,* decided November 11th and 21st of the current year, respectively. We refer to these cases in refutation of the argument made in this Supreme Court.

To refute the third question raised in this appeal, we refer to the act of the Legislative Assembly of this Island approved March 8, 1904, authorizing the secretary of this Supreme Court to administer oaths, and this being the case, no material ground is found upon which the information could be attacked.

In view of the foregoing, we recommend that the judgment appealed from be affirmed, with the costs against the appellant, Andres Meléndez.

*Affirmed.*

Chief Justice Quiñones, and Justices Hernandez, MacLeary and Wolf concurred.